**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

CHRISTINE HAMILTON as the          )
personal representative of the     )
Estate of Blair Shannon,           )
                                   )
            Plaintiff,             )     Civil No. 2008-2
                                   )
       v.                          )
                                   )
DOWSON HOLDING COMPANY, INC.       )
d/b/a CARIBBEAN BEACH HOTEL        )
and BEST WESTERN                   )
INTERNATIONAL, INC.                )
                                   )
            Defendants.            )
_____)

**ATTORNEYS:**

**Alan R. Feuerstein, Esq.**
Buffalo, N.Y.
     *For the plaintiff.*

**Thomas H. Hart, III, Esq.**
St. Croix, U.S.V.I.
     *For the plaintiff.*

**Terri Griffiths, Esq.**
St. Thomas, U.S.V.I.
     *For defendant Dowson Holding Co., Inc.*

**James L. Hymes, III, Esq.**
St. Thomas, U.S.V.I.
     *For defendant Best Western International, Inc.*

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

   Before the Court is the motion of defendant Dowson Holding

Co., Inc. ("Dowson") for partial summary judgment against the

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 2

plaintiff, Christine Hamilton as the personal representative of the Estate of Blair Shannon ("Hamilton").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2006, Blair Shannon ("Shannon") was shot and killed by an individual loitering on the premises of the Caribbean Beach Hotel, located on St. Thomas, U.S. Virgin Islands. Hamilton is the personal representative of Shannon's estate. Best Western International, Inc. ("Best Western") owns the Caribbean Beach Hotel. Dowson operates the hotel under a licensing and/or franchise agreement with Best Western.

Hamilton initiated this five-count lawsuit in January 2008. The first cause of action asserts a wrongful death claim on behalf of Shannon's estate and Shannon's only child, Chelsea Shannon. The second cause of action asserts a survival claim. The third cause of action asserts a negligence claim based on the Defendants' alleged duties as landowners. The fourth cause of action asserts a negligence claim based on the Defendants' alleged duties as innkeepers. The fifth cause of action asserts a punitive damages claim.

Dowson now moves for summary judgment against Hamilton with respect to the second and fifth causes of action. Best Western has joined in Dowson's motion. Hamilton has filed an opposition

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 3

to the motion for partial summary judgment.[1]

## II. **DISCUSSION**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762

---

[1] Local Rule of Civil Procedure 56.1(b) provides, in pertinent part:

> Any party adverse to a motion filed under this rule may file a response, brief, affidavits and other supporting documents within twenty (20) days of the filing of the motion. The respondent must address the facts upon which the movant has relied pursuant to subsection (a)(1), using the corresponding serial numbering and either (I) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.

LRCi 56.1(b) (2008).

Here, Hamilton's opposition to the motion for partial summary judgment is deficient to the extent it includes a separate statement of facts that fails to address the facts set forth in Dowson's statement of undisputed material facts in the manner described by the above rule.

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 4

F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

Dowson argues that it is entitled to summary judgment on both the second and fifth causes of action. The Court will address each cause of action separately.

**A.  Second Cause of Action**

In urging the dismissal of the second cause of action, Dowson focuses on the relationship between that cause of action and the first cause of action.

In her first cause of action, Hamilton asserts a wrongful death claim. She claims that she has been appointed as the

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 5

personal representative of Shannon's estate by the Superior Court of the Virgin Islands. She alleges that the Defendants wrongfully caused Shannon's death. She also alleges that Shannon's daughter, Chelsea, has suffered damages due to her father's death. Finally, Hamilton alleges that Shannon's estate has incurred expenses associated with Shannon's funeral and burial and will incur additional expenses in connection with the settlement of the estate. On behalf of the estate, Hamilton seeks damages in the form of lost earnings and medical and funeral expenses. On behalf of Chelsea Shannon, Hamilton seeks damages for loss of support and services, mental pain and suffering and parental companionship.

In her second cause of action, Hamilton alleges that the Defendants' conduct caused Shannon pain and suffering before his death. Hamilton seeks compensation for Shannon's estate as a result of that alleged pain and suffering.

Dowson argues that summary judgment is appropriate with respect to Hamilton's second cause of action. Dowson does not dispute the material allegations in the complaint. Rather, Dowson seeks relief on a purely legal theory. Dowson argues that the second cause of action is unsupported by law. Dowson relies on the interplay between Title 5, Section 77 of the Virgin Islands Code ("Section 77") and Title 5, Section 76 of the Virgin Islands Code ("Section 76").

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 6

Section 77 provides for the survival of a tort action on behalf of a person after his death. It provides that "[a] thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury *shall not abate* by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor *by reason of the death of the person injured* or of any other person who owns any such thing in action." V.I. CODE ANN. tit. 5, § 77 (emphasis supplied). Thus, under that provision, the decedent is substituted by his estate in any lawsuit that the decedent himself could have maintained. *See*, *e.g.*, *Farrington v. Benjamin*, 100 F.R.D. 474, 475 (D.V.I. 1984). Section 77 also specifies the damages to which the estate is entitled. Those damages "include loss of earnings[.]" *Id.* Section 77 also provides for the recovery of the following expenses incurred as a result of the injury: "pain, suffering and disfigurement, or punitive or exemplary damages, or prospective profits or earnings after the date of death." *Id.*

Section 76 allows survivors of a decedent to sue the person responsible for the decedent's death. *See* V.I. CODE ANN. tit. 5, § 76(a) ("It is the public policy of the Territory to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer."). Survivors include "the decedent's spouse, children, parents, and, when partly or wholly

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 7

dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters." *Id.* at § 76(b)(1). The statute provides that when the decedent's death is caused by another person's "wrongful act, negligence, default, or breach of contract or warranty," that person may be liable to the decedent's survivors notwithstanding the decedent's death. *Id.* at § 76(c). The lawsuit is brought by the decedent's personal representative, "who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this section, caused by the injury resulting in death." *Id.* at § 76(d). Section 76 sets forth the different kinds of damages that the decedent's various survivors and the estate may recover. *See id.* at § 76(e). Damages available to a decedent's child include damages for pain and suffering. *Id.* at § 76(e)(3). Damages available to the decedent's estate include lost earnings and medical or funeral expenses. *Id.* at § 76(e)(6).

This Court has previously considered the interplay between Section 76 and Section 77. In *Mingolla v. Minnesota Min. Mfg. Co.*, 893 F. Supp. 499 (D.V.I. 1995), the plaintiff suffered an injury when a surgical pin earlier inserted into his left femur, broke. The plaintiff died of a heart attack one year later without having sued for his injuries. After the plaintiff's death, the plaintiff's widow and three children sued the pin manufacturer, alleging that the broken pin had accelerated the

plaintiff's demise. In its subsequent motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the manufacturer claimed that the plaintiff's estate was limited to recovery under Section 76 and was precluded from bringing a survival action under Section 77. Although the Court resolved the motion on statute-of-limitations grounds, the Court noted that the Virgin Islands wrongful death and survival statutes create distinct causes of action:

> When the injury to the decedent results in his death, . . . the survivors must prosecute their claims in a [wrongful death] suit. In enacting [the Virgin Islands Wrongful Death Act], the Legislature intended to put an end to multiple lawsuits under the survival statute [Section 77] for "death-resulting" personal injuries. Sections 76(d) and 76(e) were designed to force all survivors and beneficiaries to pursue an action for personal injuries resulting in death under [the Virgin Islands Wrongful Death] exclusively.

*Mingolla*, 893 F. Supp. at 507.

The Court further explained that a plaintiff asserting a survival claim seeks compensation "for the pre-death injuries which generally are not related to the decedent's death." *Id.* The Court offered this illustration: "The survivors of a person injured in a fall, for instance, who later dies of cancer, may bring a cause of action under the survival statute even though they may not have a claim under [the wrongful death] statute." *Id.*

In *Fleming v. Whirlpool Corp.*, 301 F. Supp. 2d 411 (D.V.I.

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 9

2004), the plaintiffs filed a wrongful death action against a manufacturer based on product liability and negligence under both Sections 76 and 77. *Id.* at 412.  The manufacturer subsequently moved to dismiss any and all Section 77 survival claims, primarily arguing that those claims must be based exclusively on Section 76 and that Section 76 does not allow claims for the decedent's pain and suffering. *Id.* at 414.  The Court restated the view articulated in *Mingolla*:

> The Legislature's 2001 amendments do nothing to disturb the statutory dichotomy between section 76 and 77.  The decedent's personal representative can plead claims under both section 76 and 77 only in the alternative, in other words, *if it is not clear whether the actionable injury caused the decedent's death*.  In any event, the estate can recover damages only under one of these sections.  Where it is clear that the actionable injury did cause [the] decedent's death, a plaintiff's claims are limited to those statutorily provided under section 76.

*Fleming*, 301 F. Supp. 2d at 414 (emphasis supplied).

In *Fleming*, the Court noted that the plaintiffs had clearly alleged in their complaint that the manufacturer was liable for the personal injuries to the decedent that caused her death.  The absence of any dispute over the cause of the decedent's death, the Court reasoned, meant that "the plaintiffs' recovery is limited to that for wrongful death provided in section 76, which does not include pain and suffering." *Id.* at 415.[2]

---

[2] Indeed, Section 76 was modeled on Florida's wrongful death statute. *Richardson v. Knud Hansen Memorial Hospital*, 744

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 10

Here, Hamilton unambiguously alleges in her complaint that "[t]he decedent's death was caused by the negligence and wrongful conduct of the Defendants." (Compl. ¶ 24.) Consequently, there can be no doubt that Hamilton's claim must be brought under Section 76. Her recovery is therefore limited to those damages set forth in Section 76. Significantly, that section does not permit the decedent's estate to recover damages for the decedent's pain and suffering, as the second cause of action seeks.[3] *See* V.I. Code Ann. tit. 5, § 76(e)(6) (limiting damages

---

F.2d 1007, 1011 (3d Cir. 1984); *Leonard v. Gov't of the V.I.*, Civ. No. 151-1979, 1980 V.I. LEXIS 79, at *4 (Terr. Ct. Dec. 19, 1980). This Court's analysis is consistent with the Florida courts' interpretation of that state's wrongful death and survival statutes. *See, e.g., Knowles v. Beverly Enterprises-Florida, Inc.*, 898 So. 2d 1, 16 (Fla. 2004) (noting that the wrongful death statute "merged the survival action for personal injuries which caused death and the wrongful death action into one proceeding only *when the wrongful conduct caused the death*, and eliminated all claims for the pain and suffering of the decedent from the time of injury to the time of death") (emphasis supplied); *Martin v. United Security Services, Inc.*, 314 So.2d 765, 770 (Fla. 1975) (noting that the intent of Florida's wrongful death statute is that "a separate lawsuit for *death-resulting personal injuries cannot be brought as a survival action*") (emphasis supplied).

[3] In *Fleming*, this Court offered further guidance on this point:

> Section 76 simply cannot be interpreted to allow recovery for the decedent's pain and suffering. First, its plain language is clear. Sections 76(d) and 76(e) specifically limit the recovery to those damages that are enumerated. Section 76(d) states that the "personal representative . . . shall recover . . . all damages, as specified in this section, caused by the injury resulting in death." Section 76(e) prefaces the

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 11

available to the decedent's estate to lost earnings and medical or funeral expenses).

Based on the foregoing, the Court finds that Dowson has met its initial burden of showing the absence of any genuine question of material fact regarding the viability of Hamilton's survival claim. The burden now shifts to Hamilton to show the existence of triable material facts with respect to that claim.

The arguments presented in Hamilton's opposition are not a picture of clarity. Hamilton first recites the language in both Sections 76 and 77. She then restates some of the same case law on which Dowson relies. She proceeds to state in conclusory fashion that she has elected to bring this suit under both Sections 76 and 77. Nowhere in her opposition, however, does Hamilton explain how the case law on which she relies supports the proposition that she may assert a Section 77 survival claim against the Defendants where the parties do not dispute that Shannon's death was caused by the Defendants' alleged conduct.

---

> list of damages allowed by stating that "[d]amages may be awarded as follows . . . ." Section 76(e)(6) enumerates the damages the personal representative may recover on behalf of the decedent's estate and limits them to economic damages. Other subsections allow a survivor to recover non-economic damages that he or she personally suffered as a result of the decedent's wrongful death. Nowhere does the statute allow the estate to recover compensation for the decedent's pain and suffering or any other non-economic damages.

301 F. Supp. 2d at 415 (some alterations omitted).

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 12

Construing Hamilton's opposition liberally, the Court discerns an argument that the child of a decedent may recover damages for pain and suffering. That argument, however, fails to address Dowson's motion. There is no dispute that the personal representative of a decedent may recover damages for the pain and suffering of the decedent's child. *See* V.I. CODE ANN. tit. 5, § 76(e)(3) ("Children of the decedent may also recover for lost parental companionship, instruction and guidance and for mental pain and suffering from the date of injury."). Significantly, however, Hamilton's second cause of action does not seek to recover damages for Chelsea Shannon's pain and suffering. Rather, that cause of action seeks to recover damages on behalf of the estate for Shannon's own pain and suffering. For the reasons discussed above, the recovery of such damages is not authorized under the circumstances presented here.

Because there are no genuine questions of material fact with respect to Hamilton's survival claim and because Dowson is entitled to judgment as a matter of law, the Court will grant the motion with respect to Hamilton's second cause of action.

**B. Fifth Cause of Action**

In her fifth cause of action, Hamilton asserts a claim for punitive damages. Specifically, Hamilton alleges that the Defendants' failure to provide adequate security on the Caribbean Beach Hotel premises constitutes gross negligence and therefore

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 13

warrants a punitive damages award.

Dowson contends that summary judgment is appropriate with respect to Hamilton's punitive damages claim because, according to Dowson, punitive damages are never available in wrongful death actions in the Virgin Islands.

In *Booth v. Bowen*, Civ. No. 2006-217, 2008 U.S. Dist. LEXIS 1678 (D.V.I. Jan. 10, 2008), this Court explained that "punitive damages are not available in wrongful death actions in the Virgin Islands." *Id.* at *15 (citing *Boyd v. Atlas Motor Inn, Inc.*, Civ. No. 78-242, 1979 U.S. Dist. LEXIS 11348, at *2-3 (D.V.I. June 29, 1979); *Williams v. Dowling*, 318 F.2d 642, 644 (3d Cir. 1963); Restatement (Second) of Torts § 908 cmt. a (1979) ("Punitive damages are not awarded against the representatives of a deceased tortfeasor nor, ordinarily, in an action under a death statute.")).

Based on this case law, the Court finds that Dowson has met its initial burden with respect to both the law and the absence of disputed material facts. The burden of persuasion shifts to Hamilton to come forward with evidence showing that there is a genuine triable question of fact.

In an effort to meet her burden, Hamilton posits that this Court has "flatly rejected" Dowson's contention that "the survival statute's non-economic damages provision and punitive damage sections are not available in a wrongful death/survivor

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 14

action . . . ." (Pl.'s Opp'n to Def. Dowson's Mot. for Partial Summ. J. 5.) Hamilton attempts to buttress her position by invoking part of this Court's holding in *Mingolla v. Minnesota Mining & Mfg. Co.*, *supra*.

As noted earlier, in *Mingolla*, the plaintiffs brought a product liability and wrongful death suit against a manufacturer for the death of their decedent. The manufacturer moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). One of the manufacturer's arguments was that "punitive damages and attorney's costs and fees can never be recovered in a [wrongful death] suit." 893 F. Supp. at 506. The *Mingolla* Court deemed that argument "overbroad," explaining that "[w]hile it is true that these forms of relief are prohibited in a pure wrongful death suit, depending on the theory of recovery, they may be awarded to a survivor or beneficiary who succeeds on an independent claim for relief." *Id.* at 506. The Court proceeded to reason that the decedent's children could have recovered such relief in their independent tort claims against the defendant, even if those claims were consolidated with the wrongful death claim. *Id.* However, because the Court had already dismissed those independent tort claims, the plaintiffs were "left with a pure wrongful death action" under the wrongful death statute. *Id.* at 506-07. Consequently, the Court reasoned that "[p]unitive damages and attorney's fees and costs are therefore not

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 15

recoverable in this case." *Id.* at 507.

Because the Court will dismiss Hamilton's second cause of action, this matter, like *Mingolla*, is a pure wrongful death action. The only claims asserted in this matter pertain to the Defendants' purported negligence and Shannon's death. There are no independent tort claims that fall outside of the wrongful death statute.[4] *Cf. Ammann v. Massey-Ferguson, Ltd.*, 933 F. Supp. 840, 842 (D.S.D. 1996) ("Clearly, . . . an action for personal injuries is maintainable independent of a wrongful death action.") (applying South Dakota law). As such, Hamilton's reliance on *Mingolla* does not serve her cause.[5] Accordingly, Hamilton has not met her burden of showing that genuine questions of material fact remains with respect to her punitive damages claim.

---

[4] In *Mingolla*, for example, the decedent's children claimed that they personally had suffered emotional distress. 893 F. Supp. at 505. Here, in contrast, no survivor of Shannon alleges a separate cause of action or injury to himself.

[5] In her opposition, Hamilton suggests that the Virgin Islands Legislature could not have intended to bar an estate from seeking punitive damages where a defendant kills the decedent. According to Hamilton, such a result "is bizarre, contrary to public policy, and was never intended by the Virgin Islands legislature to be the law in this jurisdiction.") (Pl.'s Opp'n to Def. Dowson's Mot. for Partial Summ. J. 8.) Hamilton makes no effort, however, to rebut the unambiguous case law in this jurisdiction holding that punitive damages are unavailable in precisely the scenario that Hamilton depicts.

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 16

## IV. CONCLUSION

For the reasons given above, the Court finds that there are no genuine issues of material fact with respect to the second and fifth causes of action and that Dowson is entitled to judgment as a matter of law as to those causes of action. The Court will thus grant the motion. An appropriate judgment follows.

```
                                    S_____
                                       CURTIS V. GÓMEZ
                                          Chief Judge
```