**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

CHRISTINE HAMILTON as the         )
personal representative of the    )
Estate of Blair Shannon,          )
                                  )
          Plaintiff,              )    Civil No. 2008-2
                                  )
     v.                           )
                                  )
DOWSON HOLDING COMPANY, INC.      )
d/b/a CARIBBEAN BEACH HOTEL       )
and BEST WESTERN                  )
INTERNATIONAL, INC.               )
                                  )
          Defendants.             )
_____)

ATTORNEYS:

**Alan R. Feuerstein, Esq.**
Buffalo, N.Y.
     *For the plaintiff.*

**Thomas H. Hart, III, Esq.**
St. Croix, U.S.V.I.
     *For the plaintiff.*

**Terri Griffiths, Esq.**
St. Thomas, U.S.V.I.
     *For defendant Dowson Holding Co., Inc.*

**James L. Hymes, III, Esq.**
St. Thomas, U.S.V.I.
     *For defendant Best Western International, Inc.*

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

   Before the Court is the motion of the plaintiff, Christine Hamilton as the personal representative of the Estate of Blair Shannon ("Hamilton"), for reconsideration of this Court's March

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 2

17, 2009, ruling granting partial summary judgment for defendants Dowson Holding Co., Inc. and Best Western International, Inc. (together, the "Defendants").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2006, Blair Shannon was shot and killed by an individual loitering on the premises of the Caribbean Beach Hotel, located on St. Thomas, U.S. Virgin Islands. Hamilton is the personal representative of Shannon's estate. Best Western owns the Caribbean Beach Hotel. Dowson operates the hotel under a licensing and/or franchise agreement with Best Western.

Hamilton initiated this five-count lawsuit in January 2008. The first cause of action asserts a wrongful death claim on behalf of Shannon's estate and Shannon's only child, Chelsea Shannon. The second cause of action asserts a survival claim. The third cause of action asserts a negligence claim based on the Defendants' alleged duties as landowners. The fourth cause of action asserts a negligence claim based on the Defendants' alleged duties as innkeepers. The fifth cause of action asserts a punitive damages claim.

Dowson moved for summary judgment against Hamilton with respect to the second and fifth causes of action. Best Western joined in Dowson's motion.

On March 17, 2009, the Court granted the motion and dismissed the second and fifth causes of action. *Hamilton v.*

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 3

*Dowson Holding Co.*, No. 2008-2, 2009 U.S. Dist. LEXIS 22509 (D.V.I. Mar. 17, 2009). Hamilton now seeks reconsideration of that ruling. Best Western opposes the motion. Dowson has joined in Best Western's opposition.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T*

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 4

*of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

### III. ANALYSIS

In its March 17, 2009, ruling, the Court granted summary judgment for the Defendants on Hamilton's second cause of action. That cause of action alleged that the Defendants' conduct caused Shannon pain and suffering before his death and sought compensation for Shannon's estate as a result of that alleged pain and suffering. The Court explained the difference between Title 5, Section 77 of the Virgin Islands Code ("Section 77") and Title 5, Section 76 of the Virgin Islands Code ("Section 76"). The Court explained that Section 77, which provides for the survival of a tort action on behalf of a person post-death, allows the estate to collect damages such as lost earnings and expenses incurred as a result of the decedent's injury. *See* V.I. CODE ANN. tit. 5, § 77. The Court also explained that Section 76, in contrast, allows survivors of a decedent to sue the person responsible for the decedent's death, and also specifies the damages to which the estate is entitled. Those damages include lost earnings as well as medical and funeral expenses. *See* V.I. CODE ANN. tit. 5, § 76.

The Court also considered the interplay between Section 76

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 5

and Section 77.  The Court reviewed, and reaffirmed, its earlier holdings that where a decedent's personal injuries are undisputedly the cause of his death, the decedent's estate may assert claims only under Section 76.  *See Fleming v. Whirlpool Corp.*, 301 F. Supp. 2d 411, 414 (D.V.I. 2004); *Mingolla v. Minnesota Min. Mfg. Co.*, 893 F. Supp. 499, 507 (D.V.I. 1995).

In its ruling, the Court noted the absence of any dispute in this matter that Shannon's death was caused by the Defendants' alleged wrongful conduct.  As such, the Court reasoned that Hamilton could assert a claim only under Section 76.  Significantly, that provision does not allow for the recovery of damages for the decedent's pain and suffering, as Hamilton's second cause of action sought.  Accordingly, the Court concluded that summary judgment for the Defendants was warranted with respect to Hamilton's second of action.[1]

In her motion, Hamilton asserts that reconsideration is required to correct clear error and to prevent manifest injustice.  To prove as much, in the section of her brief titled "Hypothetical Analysis," Hamilton argues that the Court

---

[1] The Court also awarded the Defendants summary judgment on Hamilton's fifth cause of action, which asserted a claim for punitive damages.  The Court relied on Virgin Islands case law that clearly bars the recovery of punitive damages in wrongful death actions.  Hamilton challenges that portion of the Court's ruling in her motion for reconsideration for the same reasons discussed herein.

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 6

misinterpreted the Virgin Islands Legislature's intent in enacting amendments to Section 76 in 2001.[2]  Hamilton also presents a hypothetical scenario intended to illustrate what the Court's ruling means for an estate such as Shannon's.

Importantly, Hamilton articulated this argument and accompanying hypothetical scenario in her opposition to the Defendants' partial summary judgment motion.  Modifications in syntax and diction aside, Hamilton fails to inject any legally meaningful thrust into a position that the Court clearly has already considered and rejected.[3]  As a consequence, she has

---

[2]  In its March 17, 2009, ruling, the Court restated and agreed with the *Fleming* Court's analysis of the 2001 amendments:

> The Legislature's 2001 amendments do nothing to disturb the statutory dichotomy between section 76 and 77.  The decedent's personal representative can plead claims under both section 76 and 77 only in the alternative, in other words, if it is not clear whether the actionable injury caused the decedent's death.  In any event, the estate can recover damages only under one of these sections.  Where it is clear that the actionable injury did cause [the] decedent's death, a plaintiff's claims are limited to those statutorily provided under section 76.

301 F. Supp. 2d at 414.

[3]  Hamilton has not, for instance, demonstrated to the Court that the Legislature's intent in passing the 2001 amendments to Section 76 was anything other than what the Court determined that intent to be.  She claims that "common sense . . . dictate[s]" that the Legislature's intent was to allow a decedent's estate to recover for the decedent's pain and suffering.  As a general matter, legislative intent is not divined from common sense.  It is determined, where need be, based on related statutory provisions, hearing transcripts, meeting minutes and other

*Hamilton v. Dowson Holding Co., et al.*
Civil No. 2008-2
Memorandum Opinion
Page 7

fallen short of her burden of persuading the Court to disturb its earlier ruling. *See, e.g., Venner v. Delran Twp.*, No. 05-2480, 2007 U.S. Dist. LEXIS 30332, at *4-5 (D.N.J. Apr. 24, 2007) (denying a motion for reconsideration where "Plaintiff's motion appears to reiterate the facts already considered and addressed in this Court's [previous] Memorandum Opinion and Order"); *Campbell v. City of New Kensington*, No. 05-0467, 2006 U.S. Dist. LEXIS 87033, at *2 (W.D. Pa. Dec. 1, 2006) ("By reason of plaintiff raising matters in the motion for reconsideration which have already been considered and decided by this court, the motion for reconsideration will be denied."); *Peterson v. Hogan*, No. 05-1829, 2006 U.S. Dist. LEXIS 51252, at *3 (M.D. Pa. July 26, 2006) (denying a motion for reconsideration where the plaintiff merely attempted to reargue the merits of his case that the court had already addressed in a previous opinion).

## IV. CONCLUSION

For the reasons given above, the motion for reconsideration will be denied. An appropriate order follows.

S_____
CURTIS V. GÓMEZ
Chief Judge

---

relevant materials. Hamilton does not even suggest that any such materials disprove the Court's understanding of the Legislature's intent in the circumstances presented here.