IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHRISTINE HAMILTON, as the personal representative of the Estate of Blair Shannon, <br><br> Plaintiff, <br><br> vs. <br><br> DOWSON HOLDING COMPANY, INC., d/b/a CARIBBEAN BEACH HOTEL and BEST WESTERN INTERNATIONAL, INC., <br><br> Defendants. | CIVIL NO. 08-2 |

**MEMORANDUM AND ORDER**

This matter came before the Honorable Ruth Miller, United States Magistrate Judge, on Wednesday, May 21, 2010 for oral argument on the plaintiff's Motion to Amend the Complaint. The plaintiff was represented by Alan Feuerstein, Esq. and Thomas H. Hart III, Esq., defendant Dowson Holding Company, Inc. ("Dowson"), was represented by Terri Griffiths, Esq., and defendant Best Western International, Inc. ("Best Western"), was represented by James L. Hymes III, Esq.

On January 19, 2006, Blair Shannon was shot and killed in his hotel room at the Carib Beach Resort ("Carib Beach"). Christine Hamilton, as the personal representative of the Estate of Blair Shannon, filed this wrongful death action on January 2, 2008 against "Dowson Holding Company, Inc. d/b/a Caribbean Beach Hotel" and Best Western, with whom it was alleged that Carib Beach had an agreement to operate as a franchisee or licensee. Plaintiff now seeks to amend the complaint to change the name "Caribbean Beach Hotel" to the facility's correct name of "Carib Beach Resort." No party has objected to this proposed amendment.

Plaintiff also seeks by way of amendment to add as additional defendants Emerald Beach Corporation ("Emerald Beach"), Caribbean Associates, Inc. ("Caribbean Associates"), and Louis De Lyrot ("De Lyrot") (collectively, the "Proposed New Defendants"). Both existing defendants oppose such amendments.[1]

In her original complaint (Docket No. 1), plaintiff had alleged that Emerald Beach Corporation did business as another hotel known as The Emerald Beach Resort, and that there was common ownership of Carib Beach and The Emerald Beach Resort. Plaintiff further alleged that The Emerald Beach Resort also had a licensing agreement with Best Western to do business as a Best Western licensee or franchisee. Plaintiff also alleged that The Emerald Beach Resort is located within one mile of Carib Beach. (*Id*. at ¶¶ 14-15.)

With respect to the Proposed New Defendants, in the proposed amended complaint plaintiff alleges that Caribbean Associates has "an ownership interest in the hotel premises" and that Mr. De Lyrot is the president and director of Dowson, Emerald Beach and Caribbean Associates. (Docket No. 189-3, at ¶¶ 4, 6.) Plaintiff further alleges that these three corporations are "used solely for the personal benefit of [their] directors, officers, or shareholders." (*Id*. at ¶ 8-10 ). Plaintiff further alleges that Dowson, Emerald Beach and Caribbean Associates do not have a "genuine or separate corporate existence, but have been used and exist for the sole purpose of permitting Mr. De Lyrot

---

[1] Best Western argues that the amendment should not be allowed on the basis that plaintiff may not seek to amend because she lacks the legal authority maintain this action. This argument was raised and briefed in connection with Dowson's Motion to [sic] Sanctions (Dismissal with Prejudice), filed March 4, 2010 (Docket No. 186) and will not be discussed here.

to transact his personal business under the corporate guise and insulate him from personal liability." (*Id*. at ¶12). As a result, plaintiff argues that because Mr. De Lyrot has disregarded the separate identities of these corporations, plaintiff should be allowed to amend the complaint to add the Proposed New Defendants as parties and "pierce the corporate veil" as to Dowson and the Proposed New Defendants.

Factual discovery closed on February 26, 2010, plaintiff filed her motion to amend on March 5, 2010, and the case is scheduled for trial on August 2, 2010.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15 (a). A court has discretion to grant or to deny a motion to amend the pleadings. *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa. December 21, 2009) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). A party seeking leave to amend the complaint "'has the burden of showing that justice requires the amendment.'" 2009 U.S. Dist. LEXIS 118921, at *5 (quoting *Katzenmoyer v. City of Reading*, 158 F. Supp.2d 491, 497 (E. D. Pa. 2001)). A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile." 2009 U.S. Dist. LEXIS 118921, at *5 *(citing Foman v. Davis*, 371 U.S. 178 (1962))*; see also Boerger v. Commerce Insurance Services*, 2005 U.S. Dist. LEXIS 30239, at *7. (D. N. J. November 2005) (futility of an amendment is one of the factors to consider in denying a motion to amend).

"Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, supra, 213 F. 3d at 115. Accordingly, "in assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. "Thus, if the proposed amendment is 'frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Boerger, supra,* 2005 U.S. Dist. LEXIS 30239, at *8. An amendment is futile when the claims asserted are time-barred under the statue of limitations. *See*, e.g., *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003); *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314, 1332 (3d Cir. 2002)).

Plaintiff here seeks to amend the complaint to add new defendants more than two years after the statute of limitations has run on plaintiff's claims. Defendants assert that plaintiff's attempt to add the Proposed New Defendants after the expiration of the limitations period must fail because the proposed amended complaint does not meet the requirements to "relate back" as articulated in Rule 15(c)(1) (C) of the Federal Rules of Civil Procedure.

Rule 15(c)(1)(C) provides:

(c) RELATION BACK OF AMENDMENTS
(1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:

    \*    \*    \*

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P 15(c)(1)(C).[2]

  Rule 15(c)(1)(C) imposes three conditions that must be met for a proposed amended complaint to relate back to the date of the filing of the original complaint. *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 194 (3d Cir. 2001). First, the proposed claim against the new party must have arisen from the same conduct, transaction or occurrence as the claims in the original complaint. *Id.* Second, the "newly named party must have received such notice of the institution of the action [within the 120 day period of Rule 4(m)] that the party will not be prejudiced in maintaining a defense on the merits." *Singletary*, 266 F.3d at 194. Third, "the newly named party must have known, or should have known (again, within 120 days) that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.*

## ANALYSIS

  There is no dispute that the first condition has been met. Here, plaintiff alleges that the Proposed New Defendants are liable to plaintiff for the wrongful death of Blair Shannon as a result of his shooting death at the Carib Beach in January 2006. This is, without question, the same occurrence set forth in plaintiff's original complaint.

---

  [2] The Federal Rules of Civil Procedure were restyled in 2007 and the section and subsection designations of Rules were changed. Former section 15(c)(3) is now Rule 15(c)(1)(C). The text of former Rule 15(c)(3) is virtually identical to that of the current Rule 15(c)(1)(C). Thus, cases decided prior to 2007 refer to Rule 15(c)(3) and cases after 2007 to Rule 15(c)(1)(C).

Second, plaintiff must establish that the Proposed New Defendants received notice of plaintiff's action within 120 days of the filing of the complaint, and that the Proposed New Defendants will not be prejudiced in maintaining a defense on the merits. The second condition has "two requirements, notice and the absence of prejudice, each of which must be satisfied." *Singletary, supra,* 266 F.3d at 194 (citing *Urrutia v. Harrisburg County Police Department*, 91 F.3d 451, 458 (3d Cir. 1996)). Thus, the question becomes: did the Proposed New Defendants have notice of plaintiff's action within 120 days after January 2, 2010?

Although in her original complaint plaintiff set forth various allegations concerning Emerald Beach Hotel and its purported relationship to Carib Beach, she did not name Emerald Beach Hotel or Emerald Beach as parties to the action. Plaintiff now alleges that Mr. De Lyrot is the president and director of Emerald Beach, Dowson and Caribbean Associates. Presumably, in his capacity as president and director of Dowson, Mr. De Lyrot had knowledge of plaintiff's action.

Given such knowledge, it must be determined whether Mr. De Lyrot's knowledge of plaintiff's action in his capacity as president and director of Dowson can be deemed notice to Mr. De Lyrot in his individual capacity and to Emerald Beach and Caribbean Associates. In *Singletary*, the Third Circuit adopted the "identity of interest" concept of imputed notice to satisfy the notice element under then Rule 15(c)(3). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singeltary v. Pennsylvania Department*

*of Corrections, supra,* 266 F. 3d at 199 (citing 6A Charles A. Wright *et al.*, Federal Practice and Procedure § 1499, at 146 (2d ed. 1990)).

Accordingly, it must be determined whether the operations and business activities of Dowson are so closely related to Caribbean Associates, Emerald Beach and Mr. De Lyrot individually such that the filing of the plaintiff's action against Dowson served as notice of the action to Caribbean Associates, Emerald Beach and Mr. De Lyrot in his individual capacity. Plaintiff does not allege the specific operations or business activities of Caribbean Associates, and only in general terms describes the operations and the business activities of Emerald Beach. Notwithstanding these shortcomings, because plaintiff alleges Mr. De Lyrot is the president and a director of Dowson, Emerald Beach and Caribbean Associates, the Court will impute knowledge of plaintiff's action to Emerald Beach, Caribbean Associates and to Mr. De Lyrot individually.

The inquiry does not end there. Although notice of the action may be imputed to the Proposed New Defendants, the Court must next determine whether the Proposed New Defendants will be prejudiced in maintaining a defense on the merits at this stage of the litigation. Prejudice under Rule 15(c) is properly described as "'that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale.'" *Garvin v. City of Philadelphia*, *supra,* 354 F.3d 215, at 222 (quoting *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995)). Although arguably the Proposed New Defendants could have begun to prepare a defense upon receiving notice as discussed above, the final element of this analysis demonstrates why they should not reasonably have been expected

to do so. As a result, having now to prepare a defense some four years or more after the events at issue and only a few months prior to trial, suggests that the Proposed New Defendants will suffer the type of prejudice with which Rule 15(c) is concerned.

Under the final requirement of Rule 15(c)(1)(C), plaintiff must establish that within 120 days after the filing of the complaint, the Proposed New Defendants knew or should have known that, but for a mistake regarding their identities, they would have been named as defendants in the original complaint. "Mistake" as contemplated by Rule 15(c), "must have occurred at the time the complaint was filed." *Arthur v. Maersk, Inc.,* 434 F.3d 196, 207, note 13, (3d Cir. 2006). In *Arthur*, the Third Circuit noted that "[a] mistake is no less a "mistake" when it flows from lack of knowledge as opposed to inaccurate description." *Id.* at 208. The Third Circuit further noted that "[b]oth errors [misnomer or misidentification and lack of knowledge] render the plaintiff unable to identify the potentially liable party and unable to name that party in the original complaint." *Id.* Additionally, the Third Circuit stated that "[a]n amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the action but for a mistake – whether the mistake is based on lack of knowledge or mere misnomer." *Id*. at 209 (citing 3 James Wm. Moore, Moore's Federal Practice – Civil §15.19 (3d ed. 1997)).

In oral argument, plaintiff seemed to suggest that plaintiff was delayed in moving to amend the complaint to add the Proposed New Defendants because discovery relevant to the Proposed New

Defendants was obtained late in the discovery process.[3] However, the relevant inquiry here is not when plaintiff learned of the additional defendants, but rather, whether, within 120 days of the filing of plaintiff's action, the Proposed New Defendants knew or should have known that but for a mistake by plaintiff, they would have been named as defendants in plaintiff's action. *See Krupski v. Costa Crociere S. P. A.*, 560 U.S. __ (June 7, 2010). Stated differently, by May 1, 2008, did the Proposed New Defendants know, or should they have known, that plaintiff would have named them as parties to the action but for plaintiff's lack of knowledge of the Proposed New Defendants?

This wrongful death action arose from the shooting death of Blair Shannon at Carib Beach Resort in January 2006. According to plaintiff's allegations, Emerald Beach Hotel is a different hotel located approximately one mile from Carib Beach Resort. Even if, as plaintiff now alleges, the two hotel properties shared the same president and director, or had common employees or shared maintenance equipment, plaintiff has not articulated a basis on which to find Emerald Beach knew or should have known that it would have been named as a party in this action based on the shooting death of Blair Shannon committed at the Carib Beach. Likewise, there is no reason advanced as to why Mr. De Lyrot, as president and director of Dowson, Emerald Beach and Caribbean Associates, should be deemed to have known that plaintiff would have named him in his individual capacity as a defendant in this action, but for a mistake or lack of knowledge. Further, although plaintiff alleges that Caribbean Associates has an "ownership interest" in certain hotel premises, it is not clear from

---

[3] Discovery was stayed for a period of time by order dated December 19, 2008 of the Magistrate Judge, pending a ruling on Dowson's Motion to Disqualify Plaintiff's Counsel. That motion was decided on July 2, 2009.

plaintiff's allegations to which hotel premises plaintiff refers. Even coupled with plaintiff's allegations of that there exists common ownership between Caribbean Associates and other entities, this does not suggest a basis for concluding that Caribbean Associates knew or should have known that plaintiff would have named it in this action but for lack of knowledge of its identity.

This Court finds that the last condition of Rule 15(c)(1)(C) has not been met with respect to the Proposed New Defendants. As a consequence, the plaintiff's proposed complaint does not relate back to the date of plaintiff's original complaint and the proposed amendments as to these additional parties would be futile.

For the foregoing reasons, plaintiffs motion to amend the complaint is **GRANTED** with respect to the correction of the name of "Caribbean Beach Hotel" to "Carib Beach Resort," and those allegations related to a recitation of damages sought, and it is **DENIED** with respect to the addition of parties defendant.[4]

**DATED**: June 14, 2010        S\_____
                                **RUTH MILLER**
                                United States Magistrate Judge

---

[4] On March 17, 2009, the District Court dismissed the Second and Fifth causes of action stated in the original complaint, dealing with a survival cause of action and punitive damages. The permitted amendment does not resurrect these claims.